# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**vs.) No. 22-ICA-315**        (BOR Appeal No. 2058580)
                              (JCN: 2022001737)

**RENEE J. ORR,**
**Claimant Below, Respondent**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR") appeals the November 18, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Renee J. Orr filed a timely response.[2] ACNR did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order which reversed the claim administrator's rejection of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 26, 2021, Ms. Orr suffered a workplace injury to her left ankle when she stepped in a hole and twisted her ankle while taking out the trash. She was seen by Kyle Hurst, M.D., the same day as her injury. Dr. Hurst found that Ms. Orr had swelling and pain in her left ankle, but no loss of function. A left ankle x-ray was performed, which revealed a circumscribed subchondral lucency at the medial talar dome and degenerative

---

[1] For reasons not readily apparent in the appendix record, the petitioner has substituted "Harrison County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __ W. Va. __, __ n.1, 880 S.E.2d 89, 92 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] ACNR is represented by Aimee M. Stern, Esq. Ms. Orr is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq.

changes with no evidence of fracture. A left foot x-ray was performed, which revealed mild degenerative changes. Dr. Hurst diagnosed Ms. Orr with a left ankle sprain.

Ms. Orr reported to Dr. Hurst that she had a previous work-related injury to her left ankle on September 28, 2017. Ms. Orr's 2017 injury was held compensable for a sprain of unspecified ligament of the left ankle. She underwent surgery in 2018 to repair ligaments in her left ankle. Ms. Orr received a 3% permanent partial disability award related to her 2017 compensable left ankle injury.[3]

Ms. Orr was seen at MedExpress on July 29, 2021, for moderate-to-severe sharp, constant pain in her left ankle. Ms. Orr was examined and found to have decreased range of motion, swelling, and pain. She was diagnosed with a sprain of an unspecified ligament in the left ankle and restricted from returning to work. Ms. Orr returned to MedExpress on August 4, 2021, complaining of constant, moderate, throbbing pain. On August 4, 2021, Ms. Orr attempted to return to work, but she was sent home and advised to be seen by her healthcare provider due to her ankle injury. Ms. Orr returned to MedExpress on August 5, 2021, complaining of pain, which worsened with movement and weight bearing, as well as swelling.

The claim administrator issued an order dated August 11, 2021, rejecting the claim on the basis that it was a recurrence of her 2017 injury. Ms. Orr protested this order. Ms. Orr was seen by Dr. Fazalare on August 12, 2021, and October 27, 2021. Ms. Orr complained of constant, moderate, sharp pain, and swelling. On exam, Dr. Fazalare found dorsiflexion, plantarflexion, eversion, and inversion to be mildly stiff and painful. Dr. Fazalare ordered an MRI, which showed stable post-operative changes at the lateral ankle ligament complex with no evidence of a recurrent ligament tear, and stable degenerative change of the medial talar dome. Dr. Fazalare diagnosed Ms. Orr with degenerative joint disease.

On June 29, 2022, the OOJ issued an order reversing the claim administrator's denial of the claim and holding the claim compensable for left ankle sprain. The OOJ found that Ms. Orr had established that she had a new compensable ankle injury rather than an aggravation of her previous compensable ankle injury. The Board issued an order dated November 18, 2022, affirming the OOJ's order. ACNR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] One month prior to her 2021 work-related injury, Ms. Orr returned to Joseph Fazalare, M.D., the surgeon who performed her 2018 surgery. Ms. Orr complained of pain and reported that her ankle felt unstable. A left ankle MRI found mild swelling and degenerative changes. Dr. Fazalare diagnosed Ms. Orr with ankle pain.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ACNR argues that the fact that Ms. Orr experienced the same symptoms before and after the alleged date of injury and no acute injury was documented on her diagnostic testing indicates that Ms. Orr sustained an aggravation of her 2017 compensable injury, rather than a new injury. The employer further argues that the fact that treatment for Ms. Orr's 2021 injury was paid by the claim administrator in her 2017 claim, is an indication that this is an aggravation of Ms. Orr's 2017 injury rather than a new injury. We disagree.

The OOJ found that there was no evidence to suggest that Ms. Orr's injury did not occur the way she reported it and that a preponderance of the evidence supported a finding that Ms. Orr suffered a new injury rather than an aggravation of her old injury. The OOJ further found that the fact that treatment for the new injury had been paid under the 2017 claim is not dispositive because Ms. Orr did not file for a reopening of her 2017 claim; rather, it was the claim administrator that chose to pay for Ms. Orr's treatment under the 2017 claim.

Upon review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in finding that Ms. Orr sufficiently established that she suffered an injury to her ankle on July 26, 2021. As the OOJ noted, a prior injury to a body part does not preclude a subsequent injury to that body part from being compensable when a preponderance of the evidence shows that the subsequent injury occurred in the course of and as a result of covered employment. Further the OOJ did not err in finding that the claim administrator's choice to pay for the treatment of Ms. Orr's 2021 injury using benefits under her previous 2017 claim is not dispositive in this case.

Finding no error in the Board's November 18, 2022, order, we affirm.

3

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4